1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NOAH WICK, individually and on behalf of all
others similarly situated,

                    Plaintiff,

      v.

LOCAL LIGHTHOUSE CORP., a California
corporation,

                  Defendant.

NO.

**COMPLAINT - CLASS ACTION**

**FOR DAMAGES PURSUANT TO 47
U.S.C. § 227, et seq. (TELEPHONE
CONSUMER PROTECTION ACT),
RCW 80.36.400 (AUTOMATIC
DIALING AND ANNOUNCING
STATUTE), RCW 19.86
(CONSUMER PROTECTION ACT),
AND RCW 80.36.390 (TELEPHONE
SOLICITATION)**

**DEMAND FOR JURY TRIAL**

     Plaintiff Noah Wick, by his undersigned attorneys, for this class action complaint

against Defendant Local Lighthouse Corp., alleges as follows:

## I.     NATURE OF ACTION

     1.     Plaintiff, individually and as a class representative for all similarly situated

persons in Washington and the United States who have received automated telephone calls to

their cellular phones from an automatic telephone dialing system by Defendant or its agents,

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

brings this action for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), violation of the Washington Automatic Dialing and Announcing Device Statute ("WADAD"), violation of the Washington Consumer Protection Act ("CPA"), violation of RCW 80.36.390 (telephone solicitations), and for invasion of privacy by intrusion against Defendant Local Lighthouse and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities.

## II.    JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claim arises under the laws of the United States, specifically 47 U.S.C. § 227.

3.    This Court has personal jurisdiction over Defendant because it systematically and continuously conducts business in Washington State.

4.    This Court has supplemental jurisdiction over Plaintiff's invasion of privacy by intrusion, telephone solicitation, WADAD, and CPA claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's TCPA claims, for which this Court has original jurisdiction, that they form part of the same case or controversy.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the Defendant's actions giving rise to Plaintiff's claims occurred in this District.  Defendant conducts at least some of its business in Washington State.

## III.    PARTIES

6.    Plaintiff Noah Wick is an individual citizen of the state of Washington.  Plaintiff resides in King County.

7.    Defendant Local Lighthouse Corp. is a corporation, incorporated in California, with its principal place of business in Tustin, California.  Defendant Local Lighthouse does business in Washington State, including this District.  Local Lighthouse provides "internet marketing and search engine optimization to companies throughout the United States."

COMPLAINT - CLASS ACTION - 2
5999/001/295379.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2

3

4

### IV.    THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
### (TCPA), 47 U.S.C. § 227

5       8.      In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §

6   227 ("TCPA"), in response to a growing number of consumer complaints regarding certain

7   telemarketing practices.

8       9.      The TCPA regulates, among other things, the use of automated telephone

9   equipment, or "autodialers."  Specifically, the plain language of Section 227(b)(1)(A)(iii)

10  prohibits the use of autodialers to make any call to a wireless number in the absence of an

11  emergency or the prior express consent of the called party.

12      10.     According to findings by the Federal Communications Commission ("FCC"),

13  the agency Congress vested with the authority to issue regulations implementing the TCPA,

14  such calls are prohibited because as Congress found, automated or prerecorded telephone calls

15  are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be

16  costly and inconvenient.  The FCC also recognized that many wireless customers are charged

17  for incoming calls whether they pay in advance or after the minutes are used.

18      11.     The WADAD is based on the federal TCPA statute, and the federal analysis of

19  TCPA provides guidance for interpreting WADAD.

20                          ### V.     FACTUAL ALLEGATIONS

21      12.     Local Lighthouse provides internet marketing to companies throughout the

22  United States.

23      13.     One of the services Local Lighthouse provides is creating and managing

24  customer relationship management services for its clients.

25

26

27

COMPLAINT - CLASS ACTION - 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

14.     The customer relationship management page of Local Lighthouse's website states, "Whether it is automated phone calls to your clients or managing an email database and monthly newsletters, we have the flexibility to tailor a custom solution for you."

15.     In or around early 2015, Local Lighthouse, using automatic telephone technology and equipment, placed an automated and prerecorded telephone call to Plaintiff on his cellular telephone number, 206-XXX-4219.

16.     The prerecorded voice stated that its company's records showed that Plaintiff's Google listing had not been updated, and that it would like to talk to Plaintiff about Defendant's services for updating Plaintiff's information.  The prerecorded voice also stated that Plaintiff could press one to talk to a representative or two to be removed from the calling list.

17.     For a few of the calls, Plaintiff pressed one to talk to a representative.  On some occasions, the representative tried to avoid Plaintiff's question about the company name by mumbling some incoherent answer.  After Plaintiff asked for the company name again, the representative finally told Plaintiff that Local Lighthouse made the call.

18.     Plaintiff told Local Lighthouse's representatives numerous times to remove his phone number from their internal calling list.

19.     On the other occasions when Plaintiff requested to talk to a representative by pushing one, the representative would hang up the phone when Plaintiff asked about the company's name.

20.     Plaintiff made multiple attempts to remove his number from Local Lighthouse's calling list by pressing two.

21.     Despite requesting to be removed from Local Lighthouse's calling list by two different methods on multiple occasions, Plaintiff continued to receive calls from Local Lighthouse.

COMPLAINT - CLASS ACTION - 4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

22.     Plaintiff has received at least ten calls from Local Lighthouse within a 12 month period in Washington State.

23.     Plaintiff's phone number is listed on the National Do-Not-Call Registry.

24.     Class members have received automated calls and prerecorded messages, similar to the automated calls and prerecorded messages Plaintiff received from Local Lighthouse about services for Google listings.

25.     Class members are also listed on the National Do-Not-Call Registry.

26.     Similar to Plaintiff, Class members requested on numerous occasions that Local Lighthouse quit calling them, but continued to receive calls from Local Lighthouse.

27.     Local Lighthouse knowingly and willfully made automated calls with prerecorded messages to Plaintiff and the Class members with automated telephone equipment.

## VI.     CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action individually and on behalf of all other persons similarly situated ("Class").

29.     Class Definition. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action as a class action on behalf of the Class of persons defined as follows:

First and Second Claims for Relief:

All persons within the United States who received a non-emergency telephone call from Local Lighthouse to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls, at any time from March 27, 2011 to the date of trial.

Third Claim for Relief:

All persons within the United States who received more than one solicitation telephone call from Local Lighthouse within any 12 month period and were on the National Do-Not-Call Registry, at any time from March 27, 2011 to the date of trial.

Fourth Claim for Relief:

COMPLAINT - CLASS ACTION - 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

All persons within Washington who received a non-emergency telephone call from Local Lighthouse to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls, at any time from March 27, 2012 to the date of trial.

Fifth Claim for Relief:

All persons within Washington who received a non-emergency telephone call from Local Lighthouse to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls, at any time from March 27, 2011 to the date of trial.

Sixth Claim for Relief:

All persons within the United States who received a non-emergency telephone call from Local Lighthouse to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls, at any time from March 27, 2012 to the date of trial.

Excluded from the Class are Local Lighthouse and any entities in which Local Lighthouse has a controlling interest, Local Lighthouse's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

30.    Numerosity.   The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, the Class has thousands of members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

31.    Commonality.   There are numerous questions of law and fact common to Plaintiff and the members of the Class.  These common questions of law and fact include, but are not limited to, the following:

a.       Whether Local Lighthouse made non-emergency calls to Plaintiff and Class members using an automatic telephone dialing system or and/or an artificial or prerecorded voice;

COMPLAINT - CLASS ACTION - 6

5999/001/295379.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1          b.      Whether Local Lighthouse's conduct was knowing or willful;

2    and

3          c.      Whether Local Lighthouse is liable for damages, and the

4    amount of such damages.

5          32.    <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's

6    claims, like the claims of the Class, arise out of the same common course of conduct by Local

7    Lighthouse and are based on the same legal and remedial theories.

8          33.    <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class.

9    Plaintiff has retained competent and capable attorneys who are experience trial lawyers with

10   significant experience in complex and class action litigation, including consumer class actions

11   and robocall class actions.  Plaintiff and his counsel are committed to prosecuting this action

12   vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff

13   nor his counsel has interests that are contrary to or that conflict with those of the proposed

14   Class.

15         34.    <u>Predominance</u>.  Local Lighthouse has engaged in a common course of conduct

16   toward Plaintiff and the Class.  The common issues arising from this conduct that affect

17   Plaintiff and the Class predominate over any individual issues.  Adjudication of these common

18   issues in a single action has important and desirable advantages of judicial economy.

19         35.    <u>Superiority</u>.   A class action is the superior method for the fair and efficient

20   adjudication of this controversy.  Class-wide relief is essential to compel Defendant to comply

21   with the TCPA, WADAD, and CPA.  The interest of individual members of the Class in

22   individually controlling the prosecution of separate claims against Defendant is small because

23   the statutory damages in an individual action for violation of the TCPA, WADAD, and CPA

24   are small.  Management of these claims is likely to present significantly fewer difficulties than

25   are presented in many class claims because the calls at issue are all automated.  Class treatment

26   is superior to multiple individual suits or piecemeal litigation because it conserves judicial

27

COMPLAINT - CLASS ACTION - 7

5999/001/295379.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  resources, promotes consistency and efficiency of adjudication, provides a forum for small

2  claimants, and deters illegal activities.  There will be no significant difficulty in the

3  management of this case as a class action.

4  ## VII.   FIRST CLAIM FOR RELIEF

5  **(Strict Liability Violations of the Telephone Consumer Protection Act,**

6  **47 U.S.C. § 227(b)(1)(A))**

7      36.     Plaintiff realleges and incorporates by reference each and every allegation set

8  forth in the preceding paragraphs.

9      37.     The foregoing acts and omissions of Local Lighthouse constitute numerous and

10  multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

11      38.     As a result of Local Lighthouse's violations of the TCPA, 47 U.S.C. § 227(b)(1)

12  (A), Plaintiff and members of the Class are each entitled to an award of $500.00 in statutory

13  damages for each and every call in violation of the statute, pursuant to 47 U.S.C.

14  § 227(b)(3)(B).

15  ## VIII.   SECOND CLAIM FOR RELIEF

16  **(Knowing and/or Willful Violations of the Telephone Consumer Protection Act,**

17  **47 U.S.C. § 227(b)(1)(A))**

18      39.     Plaintiff realleges and incorporates by reference each and every allegation set

19  forth in the preceding paragraphs.

20      40.     The foregoing acts and omissions of Local Lighthouse constitute numerous and

21  multiple knowing and/or violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

22      41.     As a result of Local Lighthouse's knowing and/or willful violations of 47 U.S.C.

23  § 227(b)(1)(A), Plaintiff and members of the Class are each entitled to treble damages of up to

24  $1,500.00 for each and every call in violation of the TCPA § 227(b)(3).

25  //

26  //

27

COMPLAINT - CLASS ACTION - 8

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

## IX.     THIRD CLAIM FOR RELIEF

### (Violations of the Telephone Consumer Protection Act,

### 47 U.S.C. § 227(c) & 47 CFR 64.1200(c) & (e))

42.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

43.     Defendant placed solicitation calls to Plaintiff and members of the Class whose numbers were listed on the National Do-Not-Call Registry.

44.     Plaintiff and members of the Class received at least two calls within a 12 month period.

45.     As a result of Local Lighthouse's violations of 47 U.S.C. § 227(c) and 47 CFR 64.1200 *et seq.*, which is promulgated under 47 U.S.C. § 227(c), Plaintiff and members of the Class are each entitled to $500 for each and every call in violation of the TCPA § 227(c).

## X.     FOURTH CLAIM FOR RELIEF

### (Violations of Washington Automatic Dialing and Announcing Device Statute,

### RCW 80.36.400)

46.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

47.     At all times material hereto, Local Lighthouse used an automatic dialing and announcing device ("ADAD") as defined in RCW 80.36.400(1)(a).

48.     Local Lighthouse intended for Plaintiff and Class members to receive the telephone calls in Washington State.

49.     Plaintiff and Class members received the unsolicited telephone calls from Local Lighthouse in Washington.

50.     Local Lighthouse initiated unsolicited telephone calls to Plaintiff and the Class members to encourage Plaintiff and the Class members to purchase services relating to Google listings.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

51.     Once Plaintiff and Class members answered the calls, Local Lighthouse's ADAD played a recorded message.

52.     As a result of Local Lighthouse's violations of the WADAD, RCW 80.36.400, Plaintiff and members of the Class are each entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to RCW 80.36.400(3).

## XI.     FIFTH CLAIM FOR RELIEF

### (Violation of the Washington Consumer Protection Act, RCW 19.86)

53.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

54.     Under RCW 80.36.400(3), Local Lighthouse's violation of RCW 80.36.400 constitutes a violation of the Washington State Consumer Protection Act, RCW 19.86, *et seq*.

55.     As a direct result of Local Lighthouse's conduct, Plaintiff and Class members suffered damages in an amount to be proven at trial, and is additionally entitled to treble damages, civil penalties, and costs and attorneys' fees as provided by RCW 19.86.

## XIII.   SIXTH CLAIM FOR RELIEF

### (Invasion of Privacy by Intrusion under Washington Law)

56.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

57.     The foregoing acts and omissions of Local Lighthouse constitute numerous and multiple violations of invasion of privacy by intrusion into Class members' solitude, seclusion, or private affairs under Washington law.

58.     As a direct result of Local Lighthouse's intrusions of privacy, Plaintiff and members of the Class are each entitled to damages for each and every invasion of privacy by intrusion.

## XIV.   DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial.

COMPLAINT - CLASS ACTION - 10

5999/001/295379.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1

## XV.    REQUEST FOR RELIEF

2      WHEREFORE, Plaintiff, on his own behalf and on the behalf of the Class, requests for

3   judgment against Local Lighthouse as follows:

4      A.    Certification of the proposed Class;

5      B.    Appoint Plaintiff as representative of the Class;

6      C.    Appoint the undersigned counsel as counsel for the Class;

7      D.    Award Plaintiff and the Class statutory, compensatory, and exemplary damages

8   as allowed by law;

9      E.    Award Plaintiff and the Class attorneys' fees and costs, as allowed by law and/or

10   equity;

11      F.    Permit Plaintiff and the Class leave to amend the Complaint to conform to the

12   evidence presented at trial;

13      G.    Conduct a trial by jury; and

14      H.    Grant such other and further relief as the Court deems necessary, just, and

15   proper.

16   Dated: March 27, 2015            Respectfully submitted,

17                        TOUSLEY BRAIN STEPHENS PLLC

18
                         By: *s/ Chase C. Alvord*
19                          *s/ Jessica T. Stevenson*
                            *s/ Jason T. Dennett*
20                          *s/ Kim D. Stephens*

21
                            Chase C. Alvord, WSBA #26080
22                          Jessica T. Stevenson, WSBA #45463
                            Jason T. Dennett, WSBA #30686
23                          Kim D. Stephens, WSBA #11894
                            1700 Seventh Avenue, Suite 2200
24                          Seattle, Washington  98101
                            Telephone:  206.682.5600
25                          Fax: 206.682.2992

26

27

Email:     calvord@tousley.com
           jstevenson@tousley.com
           jdennett@tousley.com
           kstephens@tousley.com

*Attorneys for Plaintiff and the Proposed Class*

COMPLAINT - CLASS ACTION - 12

5999/001/295379.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992